IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**RICHARD JANIGIAN, JR.,** *et al.,*  )
                                    )   Civil Action No. 1:07-cv-00508
                                    )   Judge Paul L. Friedman
        Plaintiffs      )
                                    )
v.                                  )
                                    )
**GREGG A. PANE**, *et al.,*         )
                                    )
        Defendants.     )
_____)

## PLAINTIFFS' STATEMENT OF MATERIAL FACTS

Plaintiffs, by their undersigned counsel pursuant to Local Rule 7(h), submit their Statement of Material Facts in Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment.[1]

Defendants' Statement of Material Facts

In response to the Statement of Material Facts submitted by Defendants in support of their Motion to Dismiss or, in the Alternative, for Summary Judgment, Plaintiffs state:

    1a.    Admitted.

    1b.    Admitted

    1c.    Disputed.  Mrs. Anderson left Grant Park Care Center in February 2007 and is no longer receiving Medicaid benefits for nursing home care.  Landsman Decl. ¶ 9.

---

[1] Reference to the Landsman Declaration ("Landsman Decl.") and the Smith Declaration ("Smith Decl") are to the Declarations of Ron M. Landsman and Cyril V. Smith, Exhibits A and B, respectively, to Plaintiffs' Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (the "Motion").  Reference to the Cunningham Declaration (the "Cunningham Decl.") is to the Declaration of Michael Cunningham, attached in support of Defendants' Motion.

2. Admitted.

3. Admitted.

4. Disputed. Defendants' Medicaid application form filled out by named Plaintiffs asked about pre-eligibility medical expenses. Landsman Decl. ¶ 4 and Exhibit 1 thereto at p.5.

5. Plaintiffs have not had the opportunity to conduct discovery concerning this statement of material fact and are therefore unable to admit or dispute same. Smith Decl. ¶¶ 6-7.

6. Plaintiffs have not had the opportunity to conduct discovery concerning this statement of material fact and are therefore unable to admit or dispute same. Smith Decl. ¶¶ 6-7.

7. Admitted.

Plaintiffs' Statement of Material Facts

In support of their Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, Plaintiffs state that the following material facts are not in dispute:

1. The required deduction for pre-eligibility medical expenses was not allowed by Defendants when they calculated the named Plaintiff's contribution to the cost of their nursing home care. Cunningham Decl. ¶¶ 1-7, 9.

2. Defendants are unaware why this required deduction was not allowed for the named Plaintiffs. Cunningham Decl. ¶ 9.

3. Defendants are unaware of how many other Medicaid beneficiaries have been similarly denied an allowance for pre-eligibility medical expenses when

Defendants calculated their contribution to the cost of their nursing home care. Cunningham Decl. ¶ 10.

4. The District's recalculation of the named Plaintiffs' contributions to the cost of their care took place on March 23, 2007, a week after the original Complaint in this action was filed. Cunningham Decl. ¶ 4, Landsman Decl. ¶ 8.

5. When Mr. Janigian received a computer notice of his recalculation, it did not indicate the basis for the change. Further, no one at D.C. Medicaid explained the reasons for this change to Mr. Janigian or his representative when they inquired. Landsman Decl. ¶ 8.

6. When Mrs. Anderson received a computer notice of her recalculation, it did not indicate the basis for the change. Landsman Decl. ¶ 9.

7. On June 27, 2007, the District, by letter from litigation counsel at the Office of the Attorney General to Plaintiffs' counsel, formally offered Mr. Janigian and Mrs. Anderson refunds in the amounts of $15,344.11 and $6,053.89, respectively, representing the amount of pre-eligibility incurred medical expenses which the District had failed to deduct from Plaintiffs' income in calculating their contributions to the cost of their care. Landsman Decl. ¶ 10 and Exhibit 7 thereto.

8. On July 13, 2007, the District, by letter from litigation counsel at the Office of the Attorney General to Plaintiffs' counsel, stated that because Plaintiffs' counsel was not accepting the refund checks on behalf of the named Plaintiffs, litigation counsel was directing that these checks be sent directly to named Plaintiffs. Landsman Decl. ¶ 10 and Exhibit 8 thereto.

9. The hearing on Mrs. Anderson's request for the pre-eligibility medical

expense deduction was continued hearing until June 27, the same day the District, through counsel, offered to refund the disputed amount. Because Mrs. Anderson did not appear for that June 27 hearing, it was dismissed. Landsman Decl. ¶ 11.

10.  The hearing on Mr. Janigian's request for the pre-eligibility medical expense deduction was scheduled for July 17, 2007. Landsman Decl. ¶ 11.

11.  All alleged changes by Defendants to the forms, instructions, and training used in connection with calculating Medicaid beneficiaries' contributions to the cost of their nursing home care as set forth in the Declaration of Michael Cunningham have taken place since the original Complaint in this action was filed. Cunningham Decl. ¶¶ 8, 11.

Dated:    July 19, 2007.                                Respectfully submitted,


                                                        _____/s/_____
                                                        Cyril V. Smith
                                                        D.C. Bar No. 413941
                                                        William K. Meyer
                                                        ZUCKERMAN SPAEDER LLP
                                                        100 East Pratt Street, Suite 2440
                                                        Baltimore, Maryland 21202
                                                        (410) 332-0444
                                                        (Fax) (410) 659-0436
                                                        csmith@zuckerman.com

                                                        Carlos T. Angulo
                                                        D.C. Bar No. 446639
                                                        ZUCKERMAN SPAEDER LLP
                                                        1800 M Street, N.W., Suite 1000
                                                        Washington, D.C. 20036-5802
                                                        (202) 778-1800
                                                        (Fax) (202) 822-8106
                                                        cangulo@zuckerman.com

Ron M. Landsman
D.C. Bar No. 209452
RON M. LANDSMAN, P.A.
200-A Monroe Street, Suite 110
Rockville, Maryland 20850-4412
(240) 403-4300, ext. 101
(Fax) (240) 403-4301
RML@ronmlandsman.com

René H. Reixach
WOODS OVIATT GILMAN LLP
700 Crossroad Building
2 State St.
Rochester, New York 14614
(585) 987-2858
Fax: (585) 987-2958
Rreixach@WoodsOviatt.Com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2007, a true copy of the foregoing Plaintiffs' Statement of Material Facts in Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. were filed electronically with the Court for ECF service upon:

Jayme Kantor
Assistant Attorney General
Civil litigation Division – Equity I Section
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
Jayme.Kantor@dc.gov

                                    /s/
                              Cyril V. Smith