IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**RICHARD JANIGIAN, JR.,** *et al.,*        )
                                            )   Civil Action No. 1:07-cv-00508
                                            )   Judge Paul L. Friedman
                Plaintiffs                  )
                                            )
        v.                                  )
                                            )
**GREGG A. PANE**, *et al.*,                )
                                            )
                Defendants.                 )
_____)

### MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE CLASS CERTIFICATION MOTION

Pursuant to Rule 23.1(b) of the Local Rules of Civil Procedure of the U.S. District Court for the District of Columbia, Plaintiffs Richard Janigian, Jr., by his attorney-in-fact Paul Janigian, and Linda Anderson, by her conservator, Kathy Mancusi, hereby move the Court for an extension of time within which to file a motion to certify a Plaintiff class in this case. Plaintiffs request that the deadline for filing a class certification motion, currently August 15, 2007, be postponed until this Court enters a scheduling order setting forth a discovery and briefing schedule on Class Certification issues. Plaintiffs further request that this Court issue an order setting a scheduling conference as soon as is practicable to set these class certification-related dates. The grounds for Plaintiffs' motion are set forth in the accompanying memorandum of law. A proposed order is also attached.

Dated: August 9, 2007.                          Respectfully submitted,

                                                _____/s/
                                                
1414962.1

Cyril V. Smith
D.C. Bar No. 413941
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
(410) 332-0444
(Fax) (410) 659-0436
csmith@zuckerman.com


_____/s/_____
Carlos T. Angulo
D.C. Bar No. 446639
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036-5802
(202) 778-1800
(Fax) (202) 822-8106
ctangulo@zuckerman.com


_____/s/_____
Ron M. Landsman
D.C. Bar No. 209452
RON M. LANDSMAN, P.A.
200-A Monroe Street, Suite 110
Rockville, Maryland 20850-4412
(240) 403-4300, ext. 101
(Fax) (240) 403-4301
RML@ronmlandsman.com


_____/s/_____
René H. Reixach
WOODS OVIATT GILMAN LLP
700 Crossroad Building
2 State St.
Rochester, New York 14614
(585) 987-2858
Fax:  (585) 987-2958
Rreixach@WoodsOviatt.Com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2007, a true copy of the foregoing Motion For An Enlargement Of Time Within Which To File Class Certification Motion was filed electronically with the Court for ECF service upon:

Jayme Kantor
Assistant Attorney General
Civil litigation Division – Equity I Section
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
Jayme.Kantor@dc.gov

                                                          /s/
                                            Cyril V. Smith

1414962.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD JANIGIAN, JR., et al. | ) ) ) | Civil Action No. 1:07-cv-00508 |
| Plaintiffs, | ) ) | Judge Paul L. Friedman |
| v. | ) ) ) |  |
| GREGG A. PANE, et al. | ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR AN ENLARGEMENT OF TIME WITHIN WHICH
<u>TO FILE CLASS CERTIFICATION MOTION</u>**

Plaintiffs Richard Janigian, Jr., by his attorney-in-fact Paul Janigian, and Linda Anderson, by her conservator, Kathy Mancusi, submit this memorandum of law in support of their motion, pursuant to Local Civil Rule 23.1(b), for an extension of the deadline within which to file a motion to certify a Plaintiff class in this case. Plaintiffs' class certification motion is currently due on August 15, 2007. Plaintiffs request that the deadline for filing a class certification motion be postponed until this Court enters a scheduling order setting forth a discovery and briefing schedule on Class Certification issues. Plaintiffs further request that this Court issue an order setting a scheduling conference as soon as is practicable to set these class certification-related dates. Plaintiffs have sought Defendants' consent to this motion, and Defendants have refused such consent.

**I.    <u>Background</u>**

Local Civil Rule 23.1(b) states that a plaintiff that files an action sought to be maintained as a class action has 90 days from the date of the filing of the complaint to

move for class certification, "unless the court in the exercise of its discretion has extended this period." In this case, Plaintiffs filed their original class action complaint on March 16, 2007, and therefore would ordinarily be required to move for class certification on or before June 14, 2007. With the consent of Defendants, Plaintiffs, however, moved for an initial extension of the Local Civil Rule 23.1(b) deadline to August 15, 2007, and the Court granted this motion on June 29, 2007. Exhibit A.

Plaintiffs' initial motion was premised on the fact that at the time that Plaintiffs' class certification motion would have originally come due, Defendants had not yet responded to Plaintiffs' complaint, thereby leaving suspended the timetables for initial scheduling conferences and orders under Fed. R. Civ. P. 16 and 26 and discovery under Local Rule 26.2. *See* Local Rule 26.2 (noting that except in limited circumstances, "a party may not seek discovery from any sources before the parties have conferred as required by [Fed. R. Civ. P. 26(f)].") The situation today is that Defendants have now moved to dismiss the complaint or, in the alternative, for summary judgment, and Plaintiffs have opposed Defendants' motion, with briefing on the motion having been completed on July 30, 2007.

With the briefing on Defendants' motion complete, Plaintiffs would now like to take discovery related to class certification and have asked Defendants' counsel to meet for the discovery conference required by Fed. R. Civ. P. 26(f).[1] Defendants, however, have declined Plaintiffs' request. Exhibit B (email exchange between Plaintiffs' and

---

[1] Among the class certification-related issues on which the Plaintiffs seek discovery are the issue of whether, as alleged in the complaint, the District adopted a policy and practice of failing to deduct pre-eligibility expenses when calculating a Medicaid beneficiary's cost of care obligation; the number of beneficiaries affected by this failure; and the nature and scope of any actions the District has taken to correct past violations of law. All of these issues are relevant to the question of whether Plaintiffs meet the requirements of Fed. R. Civ. P. 23 governing class actions.

2

Defendants' counsel regarding discovery conference). In light of Defendants' refusal to engage in the discovery process, Plaintiffs hereby request this Court to set a date for a discovery conference under Fed. R. Civ. P. 26(f), to set a schedule for discovery and briefing of class certification-related issues at the conference, and to postpone the deadline for Plaintiffs' class certification motion until the deadline set forth in the Court's scheduling order.[2]

## II. Argument

The law is clear that a court may, and often should, postpone a ruling on class certification pending discovery on class issues. *See* Local Rule 23.1 (noting that a court considering a class certification may postpone its ruling "pending discovery or other appropriate preliminary proceedings."). *See also Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981) ("some degree of discovery may be appropriate in certain cases to aid making the necessary class determinations. The pleadings are expected to be of assistance, but more information may be needed."); *Hubbard v. Potter*, 2007 U.S. Dist. LEXIS 12106, at *4 (D.D.C. Feb. 22, 2007) ("Obviously, some discovery is necessary prior to a determination of class certification.") (Internal quotations, citation omitted).

It is equally clear that it would be a waste of judicial and litigant resources to require Plaintiffs to file a class certification motion that they would very likely seek to amend after conducting discovery on class certification issues. *See Richard v. Bell Atlantic Corp., Inc.,* 976 F. Supp. 40, 51-52 & n. 19 (D.D.C. 1997) (holding that to require plaintiffs to file for class certification without benefit of discovery within 90-day

---

[2] In addition, Plaintiffs have filed a Rule 56(f) affidavit of counsel outlining the discovery Plaintiffs need to respond to Defendants' motion for summary judgment. This discovery should also be addressed at an early scheduling conference.

timeframe, and *then* to allow class discovery to go forward, "countenances what appears to be an extremely inefficient procedure" and is "inconsistent with the mandate of Fed. R. Civ. P. 1, which requires that the Federal Rules of Civil Procedure be 'construed and administered to secure the just, speedy, and inexpensive determination of every action'").

It therefore makes eminent sense for this Court to postpone the class certification motion deadline until the Court has established a schedule for the litigation of class certification issues, and any necessary discovery has occurred. It also makes sense to establish this schedule as promptly as possible, given Fed. R. Civ. P. 23's mandate that the class certification issue be resolved "at an early practicable time" in the litigation. Fed. R. Civ. P. 23(c)(1)(A).

**III.   Conclusion**

For the foregoing reasons, this Court should grant Plaintiffs' motion, postpone the deadline for Plaintiffs' class certification motion until a scheduling order has been entered establishing dates for discovery and briefing on the class certification issue, and set for the earliest practicable date a Rule 26(f) scheduling conference to address these class-related scheduling issues.

Dated: August 9, 2007.                           Respectfully submitted,

                                                                      /s/
                                    Cyril V. Smith
                                    D.C. Bar No. 413941
                                    ZUCKERMAN SPAEDER LLP
                                    100 East Pratt Street, Suite 2440
                                    Baltimore, Maryland 21202
                                    (410) 332-0444

(Fax) (410) 659-0436
csmith@zuckerman.com

             /s/
Carlos T. Angulo
D.C. Bar No. 446639
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036-5802
(202) 778-1800
(Fax) (202) 822-8106
ctangulo@zuckerman.com

             /s/
Ron M. Landsman
D.C. Bar No. 209452
RON M. LANDSMAN, P.A.
200-A Monroe Street, Suite 110
Rockville, Maryland 20850
(240) 403-4300, ext. 101
(Fax) (240) 403-4301
RML@ronmlandsman.com

             /s/
René H. Reixach
WOODS OVIATT GILMAN LLP
700 Crossroad Building
2 State St.
Rochester, New York 14614
(585) 987-2858
Fax:  (585) 987-2958
Rreixach@WoodsOviatt.Com

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2007, a true copy of the foregoing Memorandum Of Law In Support Of Motion For An Enlargement Of Time Within Which To File Class Certification Motion was filed electronically with the Court for ECF service upon:

Jayme Kantor
Assistant Attorney General
Civil litigation Division – Equity I Section
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
Jayme.Kantor@dc.gov

/s/
Cyril V. Smith

**Straw, Jessica**

**From:** DCD_ECFNotice@dcd.uscourts.gov
**Sent:** Friday, June 08, 2007 4:03 PM
**To:** DCD_ECFNotice@dcd.uscourts.gov
**Subject:** Activity in Case 1:07-cv-00508-PLF JANIGIAN et al v. PAYNE et al Order on Motion for Extension of Time to

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 6/8/2007 at 4:03 PM and filed on 6/8/2007
**Case Name:** JANIGIAN et al v. PAYNE et al
**Case Number:** 1:07-cv-508
**Filer:**
**Document Number:** No document attached

**Docket Text:**
MINUTE ORDER granting [8] plaintiffs' consent motion for extension of time up to and including August 15, 2007 within which to file a motion to certify a plaintiff class in this case. Signed by Judge Paul L. Friedman on June 8, 2007. (MA)


**1:07-cv-508 Notice has been electronically mailed to:**
Cyril V. Smith   csmith@zuckerman.com, jstraw@zuckerman.com
Denise J. Baker   denise.baker@dc.gov, djbakerbrown@msn.com, richard.love@dc.gov
Jayme Kantor   jayme.kantor@dc.gov

**1:07-cv-508 Notice will be delivered by other means to::**

Ron M Landsman
RON M. LANDSMAN, P.A.
200-A Monroe Street
Suite 110
Rockville, MD 20850

**Exhibit A**

**Straw, Jessica**

| | |
|---|---|
| **From:** | Kantor, Jayme (OAG) [Jayme.Kantor@dc.gov] |
| **Sent:** | Tuesday, August 07, 2007 7:57 AM |
| **To:** | Angulo, Carlos T. |
| **Cc:** | Smith, Cyril V.; Efros, Ellen (OAG) |
| **Subject:** | RE: Janigian case |

Hi Carlos,
We still think the best course is to hold until the dispositive motion is resolved.

Jayme

---

**From:** Angulo, Carlos T. [mailto:CTAngulo@zuckerman.com]
**Sent:** Monday, August 06, 2007 3:45 PM
**To:** Kantor, Jayme (OAG)
**Cc:** Smith, Cyril V.; Efros, Ellen (OAG)
**Subject:** RE: Janigian case


Jayme, we can't agree to that proposal and accordingly will be filing a motion for the relief suggested in my emails below.

Also, in anticipation of the court's grant of our motion, we would like to request your participation in a Rule 26(f) scheduling conference between the parties to discuss an appropriate schedule for discovery and briefing on the class certification issue, Please let me or Cy know whether you are willing to participate in such a conference, and if so, when you are available in the next couple of weeks.

Thanks, Carlos



**ZUCKERMAN SPAEDER LLP**

Carlos T. Angulo
ctangulo@zuckerman.com

1800 M STREET, NW • SUITE 1000 • WASHINGTON, DC 20036-5802
202.778.1800 office • 202.822.8106 fax

> Download V-card | Office | Website | My Bio

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful. If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800, and permanently delete all copies.

---

**From:** Kantor, Jayme (OAG) [mailto:Jayme.Kantor@dc.gov]
**Sent:** Thursday, August 02, 2007 2:30 PM

**Exhibit B**

8/9/2007

**To:** Angulo, Carlos T.
**Cc:** Efros, Ellen (OAG)
**Subject:** RE: Janigian case

Carlos,

I would only agree to an extension if all discovery were stayed pending a decision on the motion to dismiss. If you agree that the case is stayed pending the motion to dismiss decision, then we could agree to defer your briefing on the class issue.

Jayme

---

**From:** Angulo, Carlos T. [mailto:CTAngulo@zuckerman.com]
**Sent:** Thursday, August 02, 2007 11:53 AM
**To:** Kantor, Jayme (OAG)
**Cc:** Smith, Cyril V.
**Subject:** RE: Janigian case

ok, we will probably file a motion and indicate your lack of consent. But for my edification, is there some extension you would agree to, given that there has been no opportunity for discovery and we currently have no idea when that opportunity will arise?

---

**From:** Kantor, Jayme (OAG) [mailto:Jayme.Kantor@dc.gov]
**Sent:** Thursday, August 02, 2007 11:50 AM
**To:** Angulo, Carlos T.
**Subject:** RE: Janigian case

Carlos,

At this time, it would not be in the best interest of my client to consent to this stipulation.

Jayme

---

**From:** Angulo, Carlos T. [mailto:CTAngulo@zuckerman.com]
**Sent:** Tuesday, July 31, 2007 3:13 PM
**To:** Kantor, Jayme (OAG)
**Subject:** Janigian case

Dear Jayme, in light of the continuing litigation on the District's dispositive motion, and the fact that there has not yet been discovery in the case, would your client be willing to stipulate to a further extension of time for the filing of our class certification motion until a scheduling order has been entered by the court. The current deadline for the class cert motion is 8/15.

Our thought is that if the case goes forward and the court holds a scheduling conference, we could set a schedule for class cert discovery and briefing at that time, but to try to set a deadline at

this point in the case would be unrealistic.

Please let me know if this is acceptable to your client. If so, we will prepare a stip and appropriate motion. Thanks, Carlos

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
RICHARD JANIGIAN, JR., et al.      )
                                                        )   Civil Action No. 1:07-cv-00508
                       Plaintiffs,           )   Judge Paul L. Friedman
                                                        )
          v.                                          )
                                                        )
GREGG A. PANE, et al.                   )
                                                        )
                       Defendants.        )
_____)

**Order**

Upon consideration of Plaintiffs' Consent Motion for Extension of Time Within Which to Seek Class Certification, the memorandum of points and authorities filed in support thereof, and the entire record in this case, it is, by this Court, this ___ day of _____, 2007,

ORDERED, that the Motion is GRANTED, and it is;

FURTHER ORDERED, that Plaintiffs have until September 15, 2007, to seek certification of a plaintiff class in this action.

                                                                   _____
                                                                   Judge Paul L. Friedman

1415020.1