UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD JANIGIAN, JR., et. al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, et. al., )<br>)<br>Defendants. )<br>)<br>_____) | Case No.: 07 CV 508<br>Judge Paul L. Friedman |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY SCHEDULING CONFERENCE AND DISCOVERY AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE CLASS CERTIFICATION MOTION**

The District of Columbia, its agencies and employees ("Defendants"), by and through its attorney the Office of the Attorney General for the District of Columbia, move to stay any scheduling conference and all discovery. Defendants also oppose Plaintiffs' Motion to Enlarge Time to File Class Certification Motion based on the grounds for which Plaintiffs seek such enlargement. Plaintiffs' only basis for requesting additional time, even after the first extension of the 90-day time limit, is to obtain pre-certification discovery. Defendants request the Court to deny Plaintiffs' motion for an enlargement and to stay all discovery pending an outcome of Defendants' dispositive motion.

**BACKGROUND**

Plaintiffs filed a complaint on March 16, 2007, giving them 90 days therefrom to file a motion to certify a class pursuant to LCvR 23.1(b). Plaintiffs did not file such

within the allotted time period and, prior to the deadline, moved for an extension to August 15, 2007, to which Defendants consented and the Court granted. On June 21, 2007, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Briefings on the motion were completed on July 30, 2007. Counsel for the Defendants have informed Plaintiffs' counsel of Defendants' position that the pending dispositive motion should be resolved before any discovery begins, lest extensive efforts be expended only to prove futile if the case were dismissed.

## ARGUMENT

### I. The Dispositive Motion Pending Should be Resolved Before Parties Engage in Discovery.

Two Plaintiffs stand before the Court in this case – Richard Janigian and Linda Anderson. Defendants have filed a motion to dismiss the case or, in the alternative, a motion for summary judgment for the reasons stated in the motion and the reply to Plaintiffs' opposition. The grounds for such need not be repeated for purposes of deciding Plaintiffs' instant motion. Defendants' counsel informed Plaintiffs' counsel that she would agree to an extension to file a motion for class certification if discovery were stayed pending the outcome of the dispositive motion, but Plaintiffs would not so agree. Plaintiffs' Exhibit B.

Interestingly, Plaintiffs have cited with authority a case that supports Defendants' position. In *Richard v. Bell Atlantic Corp., Inc.,* 976 F.Supp. 40 (D.D.C. 1997), the Court confirmed the decision to "[freeze] the litigation in its tracks" while the Court considered Defendants' dispositive motion. *Id.* at 51-52 ("If not by word, then by deed, Judge Richey extended the 90-day period under Local Rule 203 when he stayed all

2

discovery…"). As Plaintiffs complain of having had no discovery here, so too was the case in *Richard*. *Id.* at 52, n.19.

Plaintiffs fail to assert any reasons why the Court should permit discovery while a dispositive motion is pending. Instead, all Plaintiffs state is that they need time for pre-certification discovery before they can file a motion to certify the class. The dispositive motion filed obviously seeks to eliminate the entire case, class or no class (although *no class* currently exists), thus, any discovery conducted in the meantime could potentially be nothing more than an expensive and inefficient waste of time.

**II.     Plaintiffs Have Had Ample Time to File a Motion for Class Certification.**

In terms of actual time, Plaintiffs have stated no basis for an extension – their only basis is because they want discovery to discover a class that, arguably, may or may not exist. The August 15, 2007, deadline, an extension of the original 90-day deadline, gave Plaintiffs five months from the date of the complaint to file the motion for class certification. Without this filing, the issue of class certification is not even before the Court. Plaintiffs' Rule 56 affidavit, sworn by Plaintiffs' counsel, attached to Plaintiffs' Opposition to Defendants' dispositive motion appears to be nothing more than a request for the Court's permission to conduct a fishing expedition for a class that Plaintiffs could not otherwise proffer. Such is even more apparent now, as it is Plaintiffs' *only* basis for this enlargement request.

WHEREFORE, Defendants respectfully request this Honorable Court deny Plaintiffs' Motion for an Enlargement and stay all discovery until Defendants' dispositive motion has been resolved.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   /s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division

   /s/ Jayme B. Kantor
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD JANIGIAN, JR., et. al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE DISTRICT OF COLUMBIA, et. al., ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Case No.: 07 CV 508 <br> Judge Paul L. Friedman |

### ORDER

Upon consideration of Plaintiffs' Motion for an Enlargement of Time Within Which to File Class Certification Motion, Defendants' Opposition thereto, and the entire record herein, it is on this _____ day of _____, 2007, by this Court, hereby

**ORDERED** that Plaintiffs' Motion is **DENIED**.

_____
Judge Paul L. Friedman

Copies to:

Jayme Kantor
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

Cyril Smith
Zuckerman Spaeder, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202

Carlos Angulo
Zuckerman Spaeder, LLP

1800 M Street, N.W., Suite 1000
Washington, D.C. 20036

Ron Landsman
200-A Monroe Street, Suite 110
Rockville, MD 20850

Rene Reixach
Woods Oviatt Gilman, LLP
700 Crossroad Building
2 State Street
Rochester, NY 14614