**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                           )
RICHARD JANIGIAN, JR., et al.,             )
                                           )   Civil Action No. 1:07-cv-00508
            Plaintiffs                     )   Judge Paul L. Friedman
                                           )
    v.                                     )
                                           )
GREGG A. PANE, et al.,                     )
                                           )
            Defendants.                    )
_____)

**REPLY MEMORANDUM IN SUPPORT OF MOTION
TO ENLARGE TIME WITHIN WHICH
TO FILE CLASS CERTIFICATION MOTION**

Plaintiffs Richard Janigian, Jr., by his attorney-in-fact Paul Janigian, and Linda Anderson, by her conservator, Kathy Mancusi, submit this reply memorandum in further support of their motion for an extension of the deadline within which to file a class certification motion (the "Motion"). Defendants' opposition dated August 20, 2007 is cited hereafter as Defs.' Opp.[1]

**Argument**

The Motion should be granted because (1) an extension will not prejudice Defendants and (2) discovery is necessary to file a properly-supported class certification motion.

The lack of prejudice to Defendants is obvious. Indeed, Defendants initially stated they would consent to an extension of the deadline, *so long as* Plaintiffs agreed to stay all discovery – including class certification discovery – until resolution of Defendants' motion to dismiss or for summary judgment. *See* Exh. B to Motion. Because Plaintiffs declined to agree to this condition, Defendants have performed an about-face and now assert that Plaintiffs are not

---

[1] Defendants' opposition memorandum is part of a pleading that also includes Defendants' own (separate) motion to stay any scheduling conference and all discovery in this case pending resolution of Defendants' motion to dismiss. Plaintiffs will respond to Defendants' motion to stay with a separate memorandum on or before Friday, August 31.

entitled to either (a) any extension of the class certification deadline at all, or (b) any discovery related to class certification.

The need for class certification discovery is also apparent. Defendants' current view that Plaintiffs should "do without" is contrary to the case law in this District and elsewhere. *Hubbard v. Potter,* 2007 U.S. Dist. LEXIS 12106, at *4 (D.D.C. Feb. 22, 2007) ("Obviously, some discovery is necessary prior to a determination of class certification.") (Internal quotations, citation omitted); *Martin v. Potomac Elec. Pow. Co.*, 1989 U.S. Dist. Ct. LEXIS 15407, at *22 (denying motion to strike class certification allegations and holding that "plaintiffs should be allowed to conduct discovery before the court makes a final decision on the class certification issue.") See also Alba Conte and Herbert B. Newberg, *Newberg on Class Actions* (4th ed. 2002) ("*Newberg*"), § 7:2 at 8 & n. 21 (noting that "[d]iscovery by the class representative on class issues must be permitted where necessary to determination of those issues" and citing cases). It also ignores this Court's rules expressly granting discretion to permit class discovery before ruling on class certification. Local Rule 23.1(b).

In this case, in particular, Plaintiffs are entitled to class discovery on Defendants' practices regarding their violations of the federal Medicaid statute. For example, Defendants have asserted that any instances of non-compliance with federal law were isolated. *See* Memorandum in Support of Plaintiffs' Motion to Dismiss or, in the Alternative, for Summary Judgment, at 15. But this case is a textbook example of a situation where "a defendant's challenges to facts pertinent to a class determination may be readily verifiable from information possessed by the defendant." *Newberg* § 7:2, at 8. Plaintiffs are entitled to discovery to obtain additional proof that, as alleged in the complaint, Defendants' non-compliance with federal law as to the named Plaintiffs was typical of a broader course of illegal activity that injured many

D.C. residents in roughly the same way. This is the fundamental question under Fed. R. Civ. P. 23, and Plaintiffs are entitled to relevant information from Defendants on this issue <u>before</u> filing their class certification motion.[2]

Under the circumstances, Defendants' argument that Plaintiffs have had "ample time" to file a class certification motion is disingenuous. Local Rule 26.2 states that until the parties hold the discovery conference required by Fed. R. Civ. P. 26, no discovery is permitted. *See* Local Rule 26.2 (noting that except in limited circumstances, "a party may not seek discovery from any sources before the parties have conferred as required by [Fed. R. Civ. P. 26(f)].") Until Defendants – after multiple extensions of the deadline for responding to the complaint – filed their motion to dismiss on June 21, 2007, none of the timetables for initial scheduling conferences and orders under Fed. R. Civ. P. 16 and 26 had even begun to run and Plaintiffs therefore were prohibited from taking discovery. And now that Defendants have filed their motion to dismiss or in the alternative for summary judgment, and Rules 16 and 26 have come into play, Defendants nonetheless refuse to hold a discovery conference and have even gone so far as to ask this Court to stay <u>all</u> discovery pending resolution of the motion to dismiss. Thus, Plaintiffs have had no opportunity to conduct the discovery needed to present a proper class certification motion, thanks largely to Defendants' recalcitrance.

Incredibly, Defendants dismiss the need for any class discovery prior to the filing of a class certification motion by suggesting that "a class arguably . . . may or may not exist" in this case. Opp. Mem. 3. The fact that a class "may or may not exist" in this case, however, is a reason to *permit* class discovery, not to *forbid* it. *See Eggleston v. Chicago Journeymen*

---

[2] Many of the subjects for class wide discovery are set forth in the Rule 56(f) Affidavit of Cyril V. Smith ("Smith Affidavit") submitted in opposition to Defendants' motion to dismiss or in the alternative for summary judgment. It is not that class discovery and merits discovery are somewhat intertwined in this case should not be surprising. *See* Newberg § 7:8 at 25 (noting that "class discovery is frequently not distinguishable from merits discovery").

1449933.1

*Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981) ("some degree of discovery may be appropriate in certain cases to aid making the necessary class determinations. The pleadings are expected to be of assistance, but more information may be needed.")

### III. <u>Conclusion</u>

For the foregoing reasons, Plaintiffs are entitled to class discovery prior to the filing of their class certification motion, and this Court should not sanction Defendants' efforts to deny Plaintiffs such discovery.[3] Moreover, such discovery should proceed immediately, consistent with the mandate placed on this Court by Fed. R. Civ. P. 23(c)(1) to decide the class issue at an "early practicable time" in the litigation.

Respectfully submitted,

Dated:  August 27, 2007

/s/
Cyril V. Smith
D.C. Bar No. 413941
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
(410) 332-0444
(Fax) (410) 659-0436
csmith@zuckerman.com

/s/
Carlos T. Angulo
D.C. Bar No. 446639
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036-5802
(202) 778-1800
(Fax) (202) 822-8106
ctangulo@zuckerman.com

---

[3] If this Court determines that additional discovery is not necessary to decide the class certification issue, Plaintiffs respectfully request that the Court grant them 30 days from the denial of Plaintiffs' pending motion to file their class certification motion.

1449933.1

                        /s/
Ron M. Landsman
D.C. Bar No. 209452
RON M. LANDSMAN, P.A.
200-A Monroe Street, Suite 110
Rockville, Maryland 20850
(240) 403-4300, ext. 101
(Fax) (240) 403-4301
RML@ronmlandsman.com


                        /s/
René H. Reixach
WOODS OVIATT GILMAN LLP
700 Crossroad Building
2 State St.
Rochester, New York 14614
(585) 987-2858
Fax: (585) 987-2958
Rreixach@WoodsOviatt.Com

*Attorneys for Plaintiffs*

5

1449933.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of August, 2007, a true copy of the foregoing Reply Memorandum In Support Of Motion To Enlarge Time Within Which To File Class Certification Motion was filed electronically with the Court for ECF service upon:

Jayme Kantor
Assistant Attorney General
Civil litigation Division – Equity I Section
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
Jayme.Kantor@dc.gov

                                                  /s/
                                    Cyril V. Smith

1449933.1