IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD JANIGIAN, JR., et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | Civil Action No.: 1:07-cv-00508 |
| v. ) | Judge Paul L. Friedman |
| ) | Next Event: _____ |
| GREGG A. PANE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Named Plaintiffs Richard Janigian, et al. submit this memorandum in opposition to the District of Columbia's Motion to Stay Scheduling Conference and Discovery (the "Motion").[1] The Motion ignores both the facts of this case and settled law (including law in this District), and should be denied.

**Statement of Facts**

In this proceeding, the Named Plaintiffs seek certification of a class of Medicaid recipients who have been injured by Defendants' uniform failure to follow clear federal law under the Medicaid statute. Defendants have filed a motion to dismiss, or for summary judgment, which was supported by an affidavit from one of Defendants' employees. (06/21/07 motion, Dkt. #10, Michael Cunningham Declaration)  Plaintiffs have opposed the summary judgment motion, and submitted a Rule 56(f) affidavit outlining the discovery sought by Plaintiffs. (Dkt. #14, Exh. B, Declaration of Cyril V. Smith)  Defendants have also opposed an extension of Plaintiffs' deadline for filing a motion for class certification under LCvR 23.1(b), arguing that Plaintiffs have had "ample time" to file one. (Mem. 3)  Finally, Defendants have

---

[1] The memorandum filed by Defendants in support of the Motion is cited as "Mem. ____."

refused to participate in the discovery conference required by Fed. R. Civ. P. 26(f), which under LCvR 26.2 is a prerequisite to discovery by either party. (Dkt. #19, 08/09/07, Exh. A)

### Summary of Argument

Because the Named Plaintiffs are entitled to discovery before filing their motion for class certification (as LCvR 23.1(b) contemplates, and as the only case cited by Defendants also holds), a stay of discovery would be wholly inappropriate here. Point I, infra. But even putting aside class certification issues, motions to stay discovery pending resolution of a motion to dismiss are generally disfavored, Point II, infra, and that rule applies with special force in this case, where there is a motion for summary judgment pending and plaintiffs have submitted a Rule 56(f) affidavit outlining the discovery they need in order to file a proper opposition to that motion. Point III, infra.

### I.

### PLAINTIFFS ARE ENTITLED TO DISCOVERY ON CLASS CERTIFICATION

Because Defendants refuse to hold a Rule 26(f) conference, Plaintiffs have been prevented from taking discovery in support of a motion for class certification. Defendants' approach ignores LCvR 23.1(b), which recognizes that this Court, in considering a motion for class certification, "may order that a ruling be postponed pending discovery." (We also respectfully refer this Court to Plaintiffs' August 27, 2007 reply memorandum in support of their motion to extend the class certification deadline, Dkt. #24, pp. 2-3, which collects the substantial authority favoring pre-motion discovery on class certification matters.)

But even worse, Defendants have – to put it charitably – completely misread the facts and holding of the only case they cite, Richard v. Bell Atlantic Corp., 976 F. Supp. 40 (D.D.C. 1997). In that class action proceeding, Judge Urbina ordered an extension of the 90-day deadline for

moving for class certification. In so doing, the Court discussed Judge Richey's earlier ruling in the case, where defendants had sought a stay of all discovery, and Judge Richey ultimately granted that request.

What Defendants omit from their discussion, however, is the fact that Judge Richey **first** "permitted [the class] plaintiffs to conduct twenty depositions to be completed in a thirty day period." 976 F. Supp. at 51. He did so because he

> clearly contemplated that the plaintiffs were entitled to at least 30 days of pre-class certification discovery *before* moving for class certification. Thus, it would have been extremely unfair and inefficient for Judge Richey to have denied plaintiffs their right to pre-class certification discovery, but then to have required them to file a motion for class certification without the benefit of any such discovery. [Id. at 51-52 (emphasis in original).]

The Court then went on to discuss the "extremely inefficient" notion of requiring a class certification motion to be filed before discovery is taken, id. at 52 n.19, and criticized the hypothetical situation of plaintiffs who "did not have the benefit of *any* pre-class certification discovery whatsoever," and were thus "utterly stymie[d in] their efforts to move for class certification." Id. (emphasis added), citing Weiss v. IBEW, 729 F. Supp. 144 (D.D.C. 1990) (Harris, J.). That hypothetical, of course, is exactly what Defendants seek here.

The law in this District is thus what common sense would suggest: plaintiffs have the right to class discovery before they file their motion to certify that class. A defendant may not refuse to commence discovery (as Defendants here have done by declining to hold a Rule 26(f) conference), or seek this Court's assistance in preventing discovery (as the Motion does), while simultaneously requiring that Plaintiffs file a premature motion to certify the class.

## II.

## DEFENDANTS' PENDING SUMMARY JUDGMENT MOTION IS NO CAUSE FOR STAYING DISCOVERY

Defendants assert that their pending motion to dismiss, or for summary judgment, is reason to stay discovery. For three reasons, Defendants' argument is without merit.

**First.** The courts rarely stay discovery pending a motion to dismiss, because "[m]ost such motions are eventually denied." United States v. Board of Educ. of the City of Chicago, 636 F. Supp. 1046, 1047 (N.D. Ill. 1986). The general rule is that a pending dispositive motion is not "good cause" for a protective order, unless the movant can show an "immediate and clear possibility that the motion[] to dismiss will be granted." Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988). See also Twin City Fire Ins. Co. v. Employers Ins. of Wassau, 124 F.R.D. 652, 653 (D. Nev. 1989). As the court observed in Continental Ill. Nat'l Bank & Trust Co. v. Caton, 130 F.R.D. 145, 148 (D. Kan. 1990), "bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally."

Defendants' motion falls far short of this standard. D.C.'s allegedly dispositive motion is not likely to succeed, for the reasons stated in Plaintiffs' opposition papers, filed July 20, 2007 (Dkt. #14).

**Second.** On the "rare"[2] occasions that a motion to stay is granted, the pending motion to dismiss addresses issues wholly divorced from the facts or merits of the action, such as governmental immunity or venue. Twin City, 124 F.R.D. at 653. But when discovery could be

---

[2] United States v. Chicago Bd. of Educ., 636 F. Supp. at 1047.

4

relevant to the motion to dismiss (or, in this case, for summary judgment), a stay is wholly inappropriate.  See, e.g., Simpson, 121 F.R.D. at 263 (citing cases).

In this case, it is virtually certain that plaintiff's discovery will bear on the pending motion.  See Point III., infra.

**Third.**  Defendants' motion assumes that a stay of discovery is costless to this Court and the parties.  But a moment's deliberation shows that this is not true:

> Motions for a protective order which seek to prohibit or delay discovery are not favored.  In considering such motions, the Court needs to remain mindful of its responsibility to expedite discovery and minimize delay.  Disruption or prolongation of the discovery schedule is normally in no-one's interest.  A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted.  Matters of importance may be mislaid or avenues unexplored.  A case becomes more of a management problem to the Court when it leaves the normal trial track.  While time may heal some disputes, in others it merely permits more opportunity for festering.

Kron Medical Corp. v. Groth, 119 F.R.D. 636, 637-38 (M.D.N.C. 1988) (citations omitted).  See also Simpson, 121 F.R.D. at 263.  For this additional, entirely practical reason, Defendants' motion should be denied.

### III.

### DISCOVERY IS REQUIRED BY PLAINTIFFS' RULE 56(f) AFFIDAVIT

As just discussed, the general rule is that a motion to dismiss should not stay discovery. But this rule applies with special force when the pending motion seeks summary judgment; relies on evidence outside the record (the Declaration of Michael Cunningham, employed by Defendants); and has been met with an affidavit of counsel under Fed. R. Civ. P. 56(f), outlining the discovery necessary to respond to the motion.  Here, Plaintiffs have submitted the Declaration of Cyril V. Smith, detailing the discovery Plaintiffs seek.  (Dkt. #14, Exh. B)

5

Rule 56(f) states that when the party opposing a summary judgment motion presents an affidavit stating

> that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Under Rule 56, it is obvious that this Court may not grant Defendants' motion for summary judgment before Plaintiffs have had <u>any</u> opportunity to conduct discovery. <u>See</u>, e.g., <u>Loughlin v. United States</u>, 230 F.Supp.2d 26, 51 (D.D.C. 2002) (granting Rule 56(f) motion for additional discovery and noting that the entry of summary judgment "where the party opposing summary judgment has not had an adequate opportunity to conduct discovery" would be "premature."); <u>Tripp v. Department of Defense</u>, 193 F.Supp.2d 229, 235 (D.D.C. 2002) (granting Rule 56(f) motion and holding that "[b]ecause no discovery has been conducted at all in this case, defendants face a heavy burden in order to succeed on their summary judgment claims.")

As the D.C. Circuit held quite recently, Rule 56(f) provides that the district court

> "may refuse the application for [summary] judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had" if it "appears[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." The court has long recognized that a party opposing summary judgment needs a "reasonable opportunity" to complete discovery before responding to a summary judgment motion and that "insufficient time or opportunity to engage in discovery" is cause to defer decision on the motion. <u>Martin v. Malhoyt</u>, 830 F.2d 237, 256 (D.C. Cir. 1987); <u>see also</u> <u>First Chi. Int'l v. United Exch. Co.</u>, 836 F.2d 1375, 1380 (D.C. Cir. 1988).

<u>Khan v. Parsons Global Services, Ltd.</u>, 428 F.3d 1079, 1087 (D.C. Cir. 2005) (reversing summary judgment). Because Defendants' Motion ignores both the letter and intent of Rule 56(f), it should be deemed for this independent reason. Defendants should not be permitted to

move for summary judgment; present evidence outside the record; and then refuse to allow discovery on that evidence or on the basis for summary judgment generally.

## Conclusion

For the foregoing reasons, this Court should deny Defendants' motion to stay discovery.

Respectfully submitted,

Dated: August 30, 2007

/s/
Cyril V. Smith
D.C. Bar No. 413941
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
(410) 332-0444
(Fax) (410) 659-0436
csmith@zuckerman.com


/s/
Carlos T. Angulo
D.C. Bar No. 446639
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036-5802
(202) 778-1800
(Fax) (202) 822-8106
cangulo@zuckerman.com


/s/
Ron M. Landsman
D.C. Bar No. 209452
RON M. LANDSMAN, P.A.
200-A Monroe Street, Suite 110
Rockville, Maryland 20850-4412
(240) 403-4300, ext. 101
(Fax) (240) 403-4301
RML@ronmlandsman.com

                                      /s/
                                      René H. Reixach
                                      WOODS OVIATT GILMAN LLP
                                      700 Crossroad Building
                                      2 State St.
                                      Rochester, New York 14614
                                      (585) 987-2858
                                      Fax:  (585) 987-2958
                                      Rreixach@WoodsOviatt.Com

                                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 30th day of August, 2007, a true copy of the foregoing Plaintiffs' Memorandum In Opposition To Defendants' Motion To Stay Discovery was filed electronically with the Court for ECF service upon:

Jayme Kantor
Assistant Attorney General
Civil litigation Division – Equity I Section
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
Jayme.Kantor@dc.gov

                                      /s/
                                    Cyril V. Smith