UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD JANIGIAN, JR., et. al. ) | |
| ) | |
| Plaintiffs, ) | Case No.: 07 CV 508 |
| ) | Judge Paul L. Friedman |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STAY DISCOVERY

The District of Columbia, its agencies and employees ("Defendants"), by and through its attorney, the Office of the Attorney General for the District of Columbia, hereby reply to Plaintiffs' opposition to Defendants' Motion to Stay Scheduling Conference and Discovery as follows:

1. Plaintiffs' opposition addresses the discovery issue only to the extent that they desire pre-certification discovery before a motion to certify the class is filed. Plaintiffs have not made a compelling argument to deviate from the 90-day limit of the local rule, LCvR 23.1(b), which "has been strictly enforced in this circuit." *Weiss v. Intl Bhd. of Elec. Workers*, 729 F. Supp. 144, 148 (D.D.C. 1990); *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 53 (D.D.C. 2007).

2. Plaintiffs submitted an extensive opposition to Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Plaintiffs cannot suggest that they need discovery in order to oppose the pending motion to dismiss, rather, their only argument is that they need discovery to "discover" a class. Plaintiffs' *counsel's*

Rule 56 affidavit discussed potential class claims and class discovery, but failed to suggest that the only Plaintiffs actually before the Court did not have enough information to oppose the motion to dismiss as to their claims. *Chavous v. District of Columbia Fin. Resp. and Mgt. Asst. Auth.*, 201 F.R.D. 1, 7-9 (D.D.C. 2001)(plaintiffs were not prejudiced by a stay of discovery pending determination of a motion to dismiss and never suggested that they needed discovery in order to oppose the motion to dismiss).

3. When a motion that would thoroughly dispose of the claims is pending, discovery is generally considered inappropriate. *Id.* at 4, *citing White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990)(upholding the District Court's decision to stay discovery prior to issuing the summary judgment rulings because the record was adequate to determine whether the summary judgment standards were met). There is undisputed evidence regarding the claims of the named Plaintiffs here that is sufficient for a summary judgment ruling. Plaintiffs have not contended that the pending motion would leave any claims remaining if granted. Instead, it would dispose of the entire case. *Chavous*, 201 F.D.R. at 6 (although staying discovery is inappropriate when the pending motion will not dispose of the entire case, no such concern existed).

WHEREFORE, Defendants respectfully request this Honorable Court stay any scheduling conference and all discovery until the Defendant's pending dispositive motion is resolved.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


       /s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division

       /s/ Jayme B. Kantor
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625