IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD JANIGIAN, JR., et al., ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> CARLOS CANO, M.D., et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: 1:07-cv-00508 <br> Judge Paul L. Friedman <br> <u>Next Event</u>: No Event Scheduled |

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR A SCHEDULING CONFERENCE AND A HEARING ON PENDING MOTIONS

Named Plaintiff Richard Janigian, by counsel, submits this Reply Memorandum in Support of his previously-filed Request for a Scheduling Conference pursuant to Local Civil Rule 16.4 and for a Hearing on Pending Motions pursuant to Local Civil Rule 7(f), and in support hereof states:

1. Defendants refuse to allow class certification discovery to take place – or even to participate in the required Rule 26 conference – while their Motion to Dismiss is pending. The effect of these actions has been to erect a unilateral roadblock by Defendants to further proceedings in this case, even while Defendants' Motion to Stay Discovery and Scheduling (D.E. #23) remains *sub judice*. In short, Defendants imposed the very relief they sought from the Court. Plaintiff's Request for a Scheduling Conference and a Hearing on Pending Motions asks this Court to remove this roadblock by scheduling (a) a scheduling conference and (b) a hearing on pending motions.

1656229.1

2. In their Opposition, Defendants do not object to Plaintiff's Request for a Scheduling Conference, and Plaintiff thus requests that the Court schedule such a conference at the earliest practical time.

3. As for Plaintiff's Request for a Hearing on Pending Motions, Defendants' Opposition states that the Court cannot set a motions hearing because Plaintiff did not first confer with Defendants pursuant to Local Civil Rule 7(m). This argument is nonsensical. **First**, this Court retains control over its own docket and can schedule a hearing on open motions without any conferral between the parties. **Second**, Plaintiff's Request for a Hearing on Open Motions pursuant to Rule 7(f) is not subject to conferral requirements of Rule 7(m) because at least one of the underlying motions which is the subject of the Plaintiff's request (Defendants' Motion to Stay Discovery and Scheduling) already complied with Rule 7(m). **Third**, the conferral requirements of Rule 7(m) are intended to apply where one party seeks some form of relief, and pre-motion conferral could eliminate or narrow the scope of the dispute between the parties. Here, Plaintiff is not seeking relief but asking this Court to schedule a hearing so that pending motions can be addressed, and therefore Rule 7(m)'s conferral requirement should not apply.

4. The Rule 7(m) conferral requirement is especially inapposite to Plaintiff's Request because conferral would be pointless given Defendants' refusal to participate in the required Rule 26 conference or allow any class certification discovery. There is nothing to "confer" about where one party simply refuses to allow any discovery or scheduling to take place. Indeed, any doubt about Defendants' continuing refusal to consent to discovery or scheduling was resolved when they filed their Motion to Stay Discovery and Scheduling in

August 2007. Thus, requiring the parties to confer in these circumstances makes no sense and would elevate form over substance.

WHEREFORE Plaintiff respectfully requests that the Court set in (a) a scheduling conference at the earliest practical time and (b) a hearing on pending motions at the earliest possible time, consistent with the demands on this Court's schedule..

Dated: January 28, 20008                                  Respectfully submitted,


                                                          _____/s/_____
                                                          Cyril V. Smith
                                                          D.C. Bar No. 413941
                                                          ZUCKERMAN SPAEDER LLP
                                                          100 East Pratt Street, Suite 2440
                                                          Baltimore, Maryland 21202
                                                          (410) 332-0444
                                                          (Fax) (410) 659-0436
                                                          csmith@zuckerman.com


                                                          _____/s/_____
                                                          Ron M. Landsman
                                                          D.C. Bar No. 209452
                                                          RON M. LANDSMAN, P.A.
                                                          200-A Monroe Street, Suite 110
                                                          Rockville, Maryland 20850-4412
                                                          (240) 403-4300, ext. 101
                                                          (Fax) (240) 403-4301
                                                          RML@ronmlandsman.com


                                                          _____/s/_____
                                                          René H. Reixach
                                                          WOODS OVIATT GILMAN LLP
                                                          700 Crossroad Building
                                                          2 State St.
                                                          Rochester, New York 14614
                                                          (585) 987-2858

1656229.1

Fax: (585) 987-2958
Rreixach@WoodsOviatt.Com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January, 2008, a true copy of the foregoing Reply Memorandum in Support of his previously-filed Request for a Scheduling Conference pursuant to Local Civil Rule 16.4 and for a Hearing on Pending Motions pursuant to Local Civil Rule 7(f) was filed electronically with the Court for ECF service upon:

Jayme Kantor
Assistant Attorney General
Civil litigation Division – Equity I Section
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
Jayme.Kantor@dc.gov

/s/
Cyril V. Smith

1656229.1