IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD JANIGIAN, JR., et al., ) <br> ) <br> ) Civil Action No. 1:07-cv-00508 <br> ) Judge Paul L. Friedman <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> CARLOS CANO, et al., ) <br> ) <br> Defendants. ) <br> ) | |

### PLAINTIFFS' REVISED RULE 56(f) STATEMENT

Plaintiffs, by their undersigned counsel, pursuant to this Court's directive on February 5, 2008, submit this revised statement of facts for which discovery is needed in order to oppose further Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defendants' Motion") (D.E. # 10).[1]

### INTRODUCTION

Plaintiffs' class action complaint is in three counts. Count I alleges a policy or practice by Defendants to deny a required Medicaid benefit for pre-existing medical expenses (the "PEME benefit") to named Plaintiffs and all recipients of Medicaid long-term care benefits during the class period, in violation of federal Medicaid law for which relief is available under 42 U.S.C. § 1983. Count II alleges that Defendants' actions in denying the PEME benefit violated District of Columbia law, to wit, the District's own State Medicaid Plan. Count III alleges that Defendants were unjustly enriched by the

---

[1] Pursuant to Fed. R. Civ. P. 56(f), the need for this discovery is set forth in the Declaration of Cyril V. Smith, attached hereto as Exhibit A. See also the Declaration of Cyril V. Smith attached as Exhibit B to Plaintiff's Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (D.E. # 14).

denial of the PEME benefit to Plaintiffs and class members.

At the February 5, 2008 hearing, the Court identified three legal and factual issues presented by Defendants' Motion: (1) whether Defendants engaged in a policy or practice in violation of federal Medicaid law; (2) whether Plaintiffs' claims are moot (including the "picking off" issue); and (3) whether Plaintiffs need to exhaust administrative remedies before bringing Count II of this action. In response to the Court's directive, Plaintiffs set forth below the discovery needed to oppose further Defendants' Motion on each issue.

Certain of Defendants' defenses address issues also raised by Fed. R. Civ. P. 23. For example, the question of Defendants' "policy or practice" under 42 U.S.C. § 1983 is similar to the requirements of Rule 23(b)(2) or (b)(3). However, the discovery outlined below is "essential," Fed. R. Civ. P. 56(f), to respond to Defendants' claims absent their current policies, even if part of it might also be relevant to class certification.

I. **Whether Defendants engaged in a policy or practice in violation of federal Medicaid law and 42 U.S.C. § 1983**

    1. The existence of Medicaid beneficiaries other than named Plaintiffs who were denied the PEME benefit by Defendants in the past.

    2. The reasons Defendants denied the PEME benefit to named Plaintiffs and other Medicaid beneficiaries, including Defendants' use of forms, requirements, rules, regulations, or training and supervision which caused the wrongful denial of benefits.

    3. Defendants' actual knowledge that their past denial of the PEME benefit violated the federal Medicaid statute.

    4. Instances prior to the commencement of this action when Defendants were notified about the illegality of, or otherwise challenged concerning, their denial of the PEME benefit.

5. Defendants' response to prior notice or challenges concerning their denial of the PEME benefit.

6. The decision-making process behind any response by Defendants to prior notices or challenges concerning their denial of the PEME benefit.

7. The amount of money unlawfully withheld by Defendants from Medicaid beneficiaries as a result of their denial of the PEME benefit.

II. **Whether Plaintiffs' claims are moot (including the "picking off" issue)**

1. The methodology used to recalculate named Plaintiffs' PEME benefit and the decision-making process behind its development.

2. The reasons why Defendants recalculated named Plaintiff's PEME benefit using only nursing home expenses, and not other pre-existing medical expenses.

3. Action taken by Defendants to "completely eradicate." *Los Angeles County v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383 (1979), the past effects of their wrongful denial of the PEME benefit, including:

    i. Review of IMA records to determine past wrongful denials of this benefit to Medicaid beneficiaries;

    ii. Notification to Medicaid beneficiaries who were wrongly denied this benefit in the past; and

    iii. Recalculation of the PEME benefit for those Medicaid beneficiaries wrongly denied this benefit in the past.

4. If Defendants have not taken action to completely eradicate the past effects of their wrongful denial of the PEME benefit (including the foregoing steps), the reasons why.

5. If Defendants have taken any action to completely eradicate the past effects of their wrongful denial of the PEME benefit (including the foregoing steps), the dates of such action.

6. The number of Medicaid beneficiaries who, because they

died or dropped out of the Medicaid program before Defendants' alleged revision of their past policies and practices, would not benefit from any recalculation of PEME benefits by Defendants.

7. Any procedures for including Medicaid beneficiaries who died or dropped out of the Medicaid program in any subsequent recalculation of PEME benefits.

8. Any time limits in federal (42 C.F.R. § 431.221(d) – 90 day cutoff) or District (Income Maintenance Administration Policy Manual, Part VII, Chapter 7.4.2. – same) regulations or policies which, because of their expiration, restrict the recalculation of PEME benefits to beneficiaries wrongfully denied this benefit in the past.

9. Going forward, any action taken by Defendants to make it "absolutely clear," *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203, 89 S.Ct. 361, 364 (1968), that the wrongful denial of the PEME benefit could not be expected to recur, including:

    i. Defendants' alleged new procedures for calculating the PEME benefit;

    ii. The nature, scope and use of revised IMA forms for soliciting PEME information and the instructions given to applicants regarding this benefit; and

    iii. Any training given Defendants and their employees concerning the alleged revised policies and practices for calculating the PEME benefit.

10. If Defendants have not taken action to make it absolutely clear that the wrongful denial of the PEME benefit could not be expected to recur (including the foregoing steps), the reasons why.

11. If Defendants have taken action to make it absolutely clear that the wrongful denial of the PEME benefit could not be expected to recur (including the foregoing steps), the dates of such action.

4

III. **Whether Plaintiffs need to exhaust administrative remedies before bringing Count II of this action**

1. The existence of a 90-day time limit in both federal and District regulations for a Medicaid beneficiary to request a "fair hearing" on the denial of the PEME benefit.

2. The adequacy of the "fair hearing" administrative process for remedying past wrongful denials of the PEME benefit in light of this 90-day time limit.

3. Past administrative proceedings which resulted in Defendants granting the PEME benefit to Medicaid beneficiaries.

4. Past administrative proceedings which resulted in Defendants denying the PEME benefit to Medicaid beneficiaries.

5. Past administrative proceedings which resulted in Defendants denying PEME benefits based upon the timeliness of the recalculation request.

6. The degree to which past administrative proceedings challenged Defendants' past policy and practice of denying the PEME benefit, or whether such a global challenge is even permitted by applicable administrative procedures.

7. The reasons why Defendants recalculated named Plaintiff's PEME benefit as a matter of litigation strategy, and outside the administrative process.

8. The decision-making process behind the recalculation of named Plaintiffs' PEME benefit, including the identity of the persons making that decision and the date when that decision was made.

5

Dated:          February 12, 2008.                    Respectfully submitted,

                                                      _____/s/_____
                                                      Cyril V. Smith
                                                      D.C. Bar No. 413941
                                                      William K. Meyer
                                                      ZUCKERMAN SPAEDER LLP
                                                      100 East Pratt Street, Suite 2440
                                                      Baltimore, Maryland 21202
                                                      (410) 332-0444
                                                      (Fax) (410) 659-0436
                                                      csmith@zuckerman.com


                                                      Ron M. Landsman
                                                      D.C. Bar No. 209452
                                                      RON M. LANDSMAN, P.A.
                                                      200-A Monroe Street, Suite 110
                                                      Rockville, Maryland 20850-4412
                                                      (240) 403-4300, ext. 101
                                                      (Fax) (240) 403-4301
                                                      RML@ronmlandsman.com



                                                      René H. Reixach
                                                      WOODS OVIATT GILMAN LLP
                                                      700 Crossroad Building
                                                      2 State St.
                                                      Rochester, New York 14614
                                                      (585) 987-2858
                                                      Fax:  (585) 987-2958
                                                      Rreixach@WoodsOviatt.Com

                                                      Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2008, true copies of the foregoing Plaintiffs' Revised Rule 56(f) Statement and supporting Declaration of Cyril V. Smith, Esq., were filed electronically with the Court for ECF service upon:

Jayme Kantor
Assistant Attorney General
Civil litigation Division – Equity I Section
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
Jayme.Kantor@dc.gov

/s/
Cyril V. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD JANIGIAN, JR., *et al.*,<br><br>Plaintiffs<br><br>v.<br><br>CARLOS CANO, *et al.*,<br><br>Defendants. | Civil Action No. 1:07-cv-00508<br>Judge Paul L. Friedman |

### RULE 56(f) DECLARATION OF CYRIL V. SMITH

I, Cyril V. Smith, submit this declaration pursuant to Fed. R. Civ. P. 56(f) under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am over 18 years of age and competent to testify in this action.

2. I am an attorney representing the named Plaintiffs and the putative class members in this action and have been involved in this action since its inception. I make this declaration of my own personal knowledge or from the review of materials filed in connection with this matter.

3. I have reviewed Plaintiffs' Revised Rule 56(f) Statement filed herewith and incorporate the list of necessary discovery set forth in that Statement. Without this discovery, Plaintiffs are unable at the present time to present by affidavit or other sworn testimony facts essential to support their Opposition to Defendants' alternative Motion for Summary Judgment (D.E. # 10).

I declare under the penalties of perjury that the foregoing is true and correct. Executed on February 11, 2008 in Baltimore, Maryland.

_____
Cyril V. Smith

1666991.1