UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RICHARD JANIGIAN, JR., et. al.** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 07 CV 508 |
| | ) | Judge Paul L. Friedman |
| v. | ) | |
| | ) | |
| **THE DISTRICT OF COLUMBIA, et. al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' REVISED RULE 56(f) STATEMENT

The District of Columbia and its named employees ("Defendants"), through counsel, hereby respond to Plaintiffs' Revised Rule 56(f) Statement and state why the Court should deny Plaintiffs' request for 56(f) discovery as unnecessary, unsubstantiated, and overly broad.

**Introduction**

Plaintiffs' Revised Rule 56(f) Statement and counsel's supporting Declaration again make it clear to the Court that Plaintiffs are attempting to create a class action for which they have no support. Using claims lodged on behalf of individual Plaintiffs Richard Janigian and Linda Anderson, the only individuals before the Court, Plaintiffs attempt to bootstrap a request for what is tantamount to far-reaching, overly broad class discovery. Asserting, disingenuously, that Plaintiffs do not have enough information to oppose a motion for summary judgment is nothing more than a back-door effort to obtain "class" discovery and, thereby, to support a motion for class certification that Plaintiffs

otherwise could not bring.  Thus, Plaintiffs' Revised Rule 56(f) Statement seeks to get through the back door what they could not get through the front door.

**I.     Rule 56(f) Discovery is Unnecessary Considering How Plaintiffs Have Prosecuted Their Case and Responded to Dispositive Motions.**

The action before the Court is brought by two individual plaintiffs, not on behalf of a putative class.  Plaintiffs, not too discretely, now implore the Court to grant a license to conduct a fishing expedition with hopes of 1) discovering other potential plaintiffs and obtaining pre-certification class discovery which the Court said they could not do, and 2) finding information to "oppose *further* Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment." *Docket #* 31, p. 1 (emphasis added).  Defendants are puzzled by the phrase "oppose further."  Either Plaintiffs can or cannot oppose the dispositive motions – there is no basis in Rule 56(f) to "further oppose."  Defendants are also confused since the record demonstrates that Plaintiffs already have opposed the pending dispositive motions with voluminous filings.

Plaintiffs' artfully omit the fact that they already have opposed Defendants' summary judgment motion by way of a 37-page opposition.  *Docket #* 12.  To now argue that there is not enough information to oppose the dispositive motion is entirely contradicted by this voluminous filing which has never been withdrawn.  Plaintiffs, however, appear to want a "do-over."  They want to start from scratch after extensive discovery that is not specifically limited to the claims of the only two Plaintiffs of record, but, rather, points to a putative class (discovery that the Court has already indicated it would not permit[1]).  To allow Plaintiffs to proceed with such unnecessary and overly

---

[1] At the February 5, 2008 status conference, the Court specified that class action discovery is not going to occur at this point and that Plaintiffs' Rule 56(f) motion must be limited only to what they need to respond to the Defendants' motions.

2

broad discovery allegedly to support the claims of the only two Plaintiffs before this Court would be a waste of the District's and the Court's limited resources. Moreover, in light of the undisputed evidence of record that Plaintiffs failed to exhaust their administrative remedies prior to filing this case, the Court should not reward Plaintiffs by allowing them to engage in this unnecessary fishing expedition which, without doubt, seeks far more than necessary to oppose Defendants' pending dispositive motions.

## II. Plaintiffs Fail to Meet Their Burden for a Rule 56(f) Motion.

"The party seeking additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion." *Globalaw Ltd. v. Carmon & Carmon Law Office & Globalaw, Inc.*, 452 F. Supp. 2d 1, 23 (D.D.C. 2006), *citing Byrd v. United States EPA*, 174 F.3d 239, 248 N.8 (D.C. Cir. 1999). Plaintiffs' Rule 56(f) statement, and supporting declaration, fail to articulate any reasons why they cannot produce necessary facts in opposition to Defendants' dispositive motions. The fact that Plaintiffs have already opposed such motions is wholly contrary to any argument that they need the requested discovery to create a "triable issue."

Plaintiffs' request for 56(f) discovery must not only identify facts to be discovered and why they cannot produce those facts, but "[i]t must also show a reasonable basis to suggest that discovery might reveal triable issues of fact." *Globalaw Ltd.*, 452 F. Supp. 2d at 23, *citing Carpenter v. Fannie Mae*, 174 F.3d 231, 237 (D.C. Cir. 1999). The bottom line has not changed since Plaintiffs opposed Defendants' dispositive motions – Defendants *agree* with Plaintiffs that there is a policy to allow for the pre-existing

medical expense deduction and that these Plaintiffs were entitled to this deduction once they made such information known to IMA.  Defendants produced an affidavit that stated the District's Medicaid program allows for the type of deduction Plaintiffs requested when proof of the expense is presented.  *Declaration of Michael Cunningham*, Docket 10-2, ¶ 9.  Plaintiffs, however, now appear to seek discovery of the negative by speculating about potential existence of contrary evidence.  This further underscores the fact that Plaintiffs' complaint fails to raise a right to relief above the speculative level.  Rule 56(f) cannot defeat a summary judgment "where the result of a continuance to obtain further information would be wholly speculative."  *Bancoult v. McNamara*, 217 F.R.D. 280, 283 (D.D.C. 2003), *quoting Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995).   All Plaintiffs have offered here are requests for discovery of information the very existence of which is entirely speculative.

       Plaintiffs demonstrate no "reasonable basis" to suggest that the discovery they seek might reveal triable issues of fact.  *Globalaw Ltd.*, 452 F. Supp. 2d at 23; *Bancoult*, 217 F.R.D. at 283-84.  Thus, Plaintiffs' Rule 56(f) Statement should not persuade the Court to permit discovery for Plaintiffs to "oppose further" the pending dispositive motions.

       **A.**    **Plaintiffs' Revised Rule 56(f) Statement Disregards the Court's Instruction to Separate Class Action Discovery From Rule 56(f) Discovery**

       Plaintiffs claim that arguments raised in the dispositive motions relate to the requirements for a class action sweeps far too broadly.  Rather, because the uncontested evidence demonstrates that Defendants abated the problems of the named plaintiffs, there is no longer any viable claim for declaratory or injunctive relief.  Defendants have not

4

had the opportunity to respond to a class certification motion (since no such motion was ever filed), so Plaintiffs' argument that there is an overlap not only is irrelevant, but premature. The Court stated that this briefing was not to be a request for class action discovery, but, rather, must be specifically limited to Rule 56(f), containing only what Plaintiffs needed to respond to the dispositive motions. Plaintiffs refuse to make this distinction, however, and ignored the explicit instruction of the Court in their Revised Rule 56(f) Statement.

It is readily apparent from Plaintiffs' very first discovery request that what Plaintiffs always sought is permission to engage in pre-certification, class action discovery: *e.g.* "The existence of Medicaid beneficiaries other than named Plaintiffs who were denied the PEME benefit by Defendants in the past." *Docket # 31*, p.2, I(1). Not only does this request disobey the Court's instruction to steer clear of class action discovery, but it seeks confidential information of persons not represented by Plaintiffs' counsel in this case. Such a request is not only unnecessary to support Plaintiffs' opposition, but it is overly broad in that it seeks the information of persons not named to this suit. The other requests Plaintiffs make under Section I (pages 2-3) fail for the same reasons.

### III.  Plaintiffs' Categories of Discovery Requests Further Evidence Motivation Beyond Rule 56(f)

Even the way Plaintiffs form their Rule 56(f) discovery requests begs suspicion. The requests are misleadingly suggestive, entirely speculative, and devoid of any showing of "a reasonable basis to suggest that discovery might reveal triable issues of fact." *Globalaw Ltd.*, 452 F. Supp. 2d at 23. If, as Plaintiffs contend, they need such

5

broad and sweeping discovery simply to oppose the pending dispositive motions, it is clear that Plaintiffs did not have enough information to bring their case in the first place. Indeed, trying now, after the filing of dispositive motions and oppositions thereto, to obtain discovery simply to avoid dismissal would appear to be an impermissible use of a Rule 56(f) request.

      A.     *Plaintiffs' § 1983 Requests in Section I of their 56(f) Statement*

Plaintiffs' requests for discoverable information to support their § 1983 claim inevitably conflicts with the pending dispositive motions which argue that Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6). Permitting discovery to essentially create that which they could not articulate above a speculative level in their complaint is not the purpose of Rule 56(f) discovery. The first request under this subheading is an unmistakable request for discovery to attempt to form a putative class. Requests 2 through 7 of this subheading are erroneously based on a "denial" of the "PEME benefit" not only to the two named Plaintiffs, but anyone else. Plaintiffs offer no facts to support a denial; rather, it is undisputed that Defendants attempted to afford Plaintiffs an opportunity to be heard regarding the benefit once Plaintiffs informed Defendants of their PEMEs. Plaintiffs fail to state how this type of discovery is required to oppose the dispositive motions beyond the opposition they have already filed.

These requests are overly broad because they seek information about "other Medicaid beneficiaries," responses to other claims separate and apart from those of the named plaintiffs here, as well as payability information of persons besides the named plaintiffs. Further, Plaintiffs have made no effort to protect against the inevitable disclosure of confidential information if such requests were granted. Indeed, to ask

6

Defendants to comply with these requests would, among other things, violate privacy laws. Thus, Plaintiffs requests under Section I of their Rule 56(f) Statement should be denied.

   B. *Plaintiffs' Mootness Requests in Section II of their 56(f) Statement*

  Plaintiffs point to no genuine issue of material fact that could be discovered from the requests under Section II of Plaintiffs' 56(f) Statement in order to oppose a summary judgment motion. Rather, most of the information already was provided through a declaration submitted in support of Defendants' dispositive motions. Requests 1 and 2 are entirely within the purview of an administrative hearing. These requests not only support Defendants' position that the case was administratively mooted as to the named Plaintiffs, but also the very principles of law governing the doctrine of exhaustion of administrative remedies – the agency gets the first opportunity to correct its own errors and to compile a record adequate for judicial review. *Bowen v. New York*, 476 U.S. 467, 484 (1986).

  Plaintiffs' other requests under this subheading regarding the "eradication" of the problem for the future are unnecessary to oppose the dispositive motions in the case *sub judice* – or stated more precisely, the eradication of the problem for *Richard Janigian and Linda Anderson*. There is no dispute that Plaintiffs' payability forms were corrected both prospectively and retrospectively – Plaintiffs' deductions were taken from March 23, 2007, onward and Defendants reimbursed Plaintiffs for monies they paid toward their cost of care before the administrative error in the calculation of the cost of care contribution was rectified. This has not been disputed. In fact, Plaintiffs completely fail to even speculate, let alone support, any potential reoccurrence of the harm alleged for

7

the Mr. Janigian and Ms. Anderson. That is the extent of their claim for declaratory and injunctive relief. Thus, any additional discovery is unnecessary because Plaintiffs cannot state what evidence of future harm *to them* might be discovered through these requests. It is abundantly clear from the briefs on both sides and the record herein that there is no reasonable expectation that the harm alleged in Plaintiffs' complaint could recur. *See generally Friends of the Earth v. Laidlaw*, 528 U.S. 167 (2000), *United States v. Concentrated Phosphate*, 393 U.S. 199 (1968), *Murphy v. Hunt*, 455 U.S. 478 (1982), discussed in more detail in Defendants' dispositive motions.

Plaintiffs have not contradicted Defendants' representations that their particular and individualized harms have been redressed. Thus, there is no purpose in the pursuit of this information except to fish for potential plaintiffs, unduly burden Defendants, and attempt to litigate a series of undisputed facts– which are perfectly aligned for the pending motion to dismiss/summary judgment on grounds of mootness. Because Plaintiffs' requests under Section II of the Revised Rule 56(f) Statement seek class discovery and discovery of information that could only lead to uncontested information that future harm to these Plaintiffs' is improbable, such requests should summarily be denied.

      C.     *Plaintiffs' Exhaustion Requests in Section III of their 56(f) Statement*

Quite candidly, Defendants are a bit mystified as to why Plaintiffs find it necessary to discover information about an administrative process that they decided was futile. If anything, these requests appear to be a reaction to the arguments made before the Court at the February 5th hearing which exposed a serious weakness in Plaintiffs' case of failure to exhaust administrative remedies rather than a true need for such information

pursuant to Rule 56(f). There is no relevant question of material fact that could be discovered from these requests since it is undisputed that Plaintiffs failed to exhaust their administrative remedies.

Request Number 7 in Section III is simply inflammatory argument of counsel. Plaintiffs failed to exhaust the administrative process that they invoked. Instead, they made a calculated, unilateral decision to rush prematurely to Court. By their own actions, Plaintiffs fall far short of their "burden of identifying the facts to be discovered that would create a triable issue" regarding the exhaustion of administrative remedies. *Globalaw Ltd.*, 452 F. Supp. 2d at 23. Moreover, these requests exceed the instructions of the Court limiting discover to *only* what Plaintiffs need to respond to dispositive motions. Discovery of administrative remedies generally available and of other administrative proceedings is clearly unnecessary and these requests should be denied as entirely unrelated to these Plaintiffs and the limited purpose of Rule 56(f) under these circumstances.

WHEREFORE, Defendants respectfully request this Honorable Court deny Plaintiffs' requests for Rule 56(f) discovery and decide the pending dispositive motions.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   /s/ Ellen A. Efros  
ELLEN A. EFROS [250746]  
Chief, Equity I Section  
Civil Litigation Division


  /s/  Jayme B. Kantor  
Jayme B. Kantor [488502]  
Assistant Attorney General  
441 4th Street, N.W.  
6th Floor South  
Washington, D.C. 20001  
P(202) 724-6627  
F(202) 727-3625